ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 MAR 27 PM 12: 28
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| PATRICIO PAREDES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-021 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, commenced the current action pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the above-captioned § 2241 be **DISMISSED**.[1]

### I. BACKGROUND

Petitioner, who was born in the Dominican Republic (see doc. no. 1, pp. 9 & 11), pled guilty in the Southern District of Florida to Conspiracy to Possess with Intent to Distribute One Kilogram or More of Heroin. (Id. at 2). On December 11, 2001, Petitioner was sentenced to 120 months of imprisonment, to be followed by five (5) years of supervised release, and judgment was entered on December 12, 2001. United States v. Paredes, CR 100-916-DTKH-7 (S.D. Fla. Oct. 26, 2000), doc. no. 305. Although Petitioner's projected release date is July 20, 2009, Petitioner is subject to a detainer, and thus, he is scheduled for

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

deportation by the Bureau of Immigration and Customs Enforcement ("ICE") upon completion of his sentence. (Doc. no. 1, p. 9).

Petitioner contends that he is a naturalized citizen of the United States because, while he was a minor, his father became a naturalized citizen of the United States. (Id. at 4 & 8). Petitioner maintains that, although he filed an application for certificate of citizenship with ICE eighteen (18) months ago, ICE has not responded. (Id. at 3). Petitioner claims that, due to his improper classification as an alien, he is being housed at MCF instead of a "camp facility according to [his] custody level."[2] (Id. at 8).

## II. DISCUSSION

The above-captioned § 2241 petition does not challenge the fact or duration of Petitioner's confinement. Rather, Petitioner challenges the conditions and circumstances of his confinement at MCF. However, the sole function of habeas corpus "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979), *revised by*, 596 F.2d 658 (5th Cir. 1979).[3] "Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Id. To the extent that Petitioner seeks relief from the conditions of his confinement, such relief "is in the form of equitably imposed restraint, not freedom from otherwise lawful incarceration." Id.; accord Stevens v. Heard, 674 F.2d 320, 323 (5th Cir. 1982).

---

[2]MCF is a private correctional facility operated by the Corrections Corporation of America under contract with the Bureau of Prisons.

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

The factual allegations raised in the above-captioned § 2241 petition challenge the conditions and circumstances, rather than the fact or duration, of Petitioner's confinement. Such allegations may be appropriate in a civil rights complaint filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), but do not state cognizable grounds for relief pursuant to 28 U.S.C. § 2241. Accordingly, the above-captioned § 2241 petition should be dismissed for failure to allege grounds on which 28 U.S.C. § 2241 relief may be granted.[4]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the above-captioned § 2241 petition be **DISMISSED**.

SO REPORTED and RECOMMENDED this 27th day of March, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4] Assuming, *arguendo*, that Petitioner had properly presented the factual allegations and claim asserted in the above-captioned § 2241 petition in a Bivens complaint or if his claim was cognizable under 28 U.S.C. § 2241, Petitioner's claim appears to be without merit on its face. Although Petitioner claims that, due to his improper classification as an alien, he is being housed at MCF instead of a "camp facility according to [his] custody level," prisoners do not possess a constitutional interest in their place of incarceration. McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976). Nevertheless, because Petitioner's claim is not cognizable in a § 2241 petition, the Court need not reach a definitive conclusion on the merits of the issue raised by Petitioner.

3